UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-3345 JGB (Ex) | Date | November 13, 2024 |
|---|---|---|---|
| Title | *Menghan Chen v. USCIS Los Angeles Asylum Office* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order to Show Cause re Dismissal for Failure to Prosecute (IN CHAMBERS)


On April 20, 2024, Plaintiff Menghan Chen ("Plaintiff" or "Chen") filed a complaint against Defendant USCIS Los Angeles Asylum Office ("Defendant"). ("Complaint," Dkt. No. 1.) The Complaint requests a writ of mandamus compelling Defendant to promptly schedule Plaintiff's asylum application interview. (See id.)

On August 13, 2024, Defendant was served with the summons and Complaint. ("Proof of Service," Dkt. No. 10.) As such, Defendant's responsive pleading was due on October 15, 2024. (See id.); Fed R. Civ. P. 12(a)(1). To date, Defendant has not filed a responsive pleading to the Complaint. Chen has also not filed a request for entry of default as to Defendant.

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Generally, defendants must answer the complaint within 21 days after service (60 days if the defendant is the United States). Fed R. Civ. P. 12(a)(1).

Federal Rule of Civil Procedure 41(b) grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542

F.2d 522, 524 (9th Cir. 1976).  Here, it appears that Plaintiff has failed to prosecute the case with reasonable diligence because she has failed to request an entry of default as to Defendant.

Accordingly, the Court **ORDERS** Plaintiff, **on or before December 2, 2024**, to request an entry of default as to Defendant or to show cause in writing as to why she has not requested an entry of default.  Failure to comply with this order may result in dismissal of the action.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court finds that this matter is appropriate for submission without oral argument.

**IT IS SO ORDERED.**